UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SANFORD L. GOLDSTEIN, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4565-HGB-SS** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

### ORDER

JASON HOUP'S MOTION FOR RECOVERY OF COSTS (Rec. doc. 79)

**DENIED**

Before the undersigned is the motion of a nonparty, Jason Houp ("Houp"), for recovery of $13,811.75 in attorney's fees and $8,778.74 in expenses for a total of $22,590.49 from the plaintiffs, Sanford L. Goldstein and Renee Y. Goldstein, as the cost of compliance with a subpoena duces tecum served by plaintiffs. For the reasons described below the motion is denied.

### PROCEDURAL BACKGROUND

On August 23, 2006, the plaintiffs filed a complaint against State Farm Fire and Casualty Company ("State Farm") in which they alleged that: (1) they sustained damages to their home during Hurricane Katrina; and (2) State Farm failed to pay all amounts due them under their flood insurance policy. Rec. doc. 1. On June 16, 2007, they amended their complaint to add a claim against State Farm on their homeowners' policy. Rec. doc. 29.

After Hurricane Katrina, the plaintiffs contracted with Houp to perform repairs to their home. The documents produced by Houp indicate that: (1) he was an out-of-state contractor; (2) his attorney in Louisiana was Jack Whitehead, who represents him in this matter; and (3) Mr. Whitehead

referred Houp to the plaintiffs. At some point Houp terminated his relationship with the plaintiffs. This resulted in charges and counter-charges between the plaintiffs and Houp.

On August 6, 2007, there was a telephone status conference with the lawyers for the plaintiffs and State Farm. State Farm's counsel reported that two of the persons working with Houp on the plaintiffs' house reported that they were informed that plaintiffs had intentionally damaged their property with water. Counsel for plaintiffs insisted that only a small amount of water was used to conduct a forensic test. It was agreed that the two witnesses needed to be deposed to resolve the fraud issue before State Farm could enter into meaningful settlement negotiations. Rec. doc. 38.

On November 7, 2007, Houp filed a motion to quash or modify the subpoena duces tecum served upon him. He objected on the grounds of relevance and the attorney-client privilege. Rec. doc. 42. The motion did not request that plaintiffs pay all fees and costs incurred by Houp in responding to the subpoena. On November 21, 2007, the motion was granted as to certain paragraphs in the subpoena. Houp was ordered to produce for *in camera* inspection some documents. Rec. doc. 50. The order did not contain any provision requiring plaintiffs to bear the fees and costs incurred by Houp in complying with the order. Forty-six pages were produced for *in camera* inspection. It was determined that some documents were not relevant to the parties' claims or defenses, others were protected from disclosure by the attorney-client privilege, and Houp was ordered to produce the remaining documents. Rec. doc. 57. On January 7, 2008, Houp was ordered to produce the documents sought in the subpoena duces tecum subject to the limitations imposed by the prior discovery orders. Rec. doc. 58.

On February 22, 2008, Houp produced more than 900 pages for *in camera* inspection. On March 25, 2008, the undersigned ruled that the documents produced by Houp were properly

redacted before their production to plaintiffs. Rec. doc. 65. The discovery orders of January 7 and February 22, 2008, were silent on the issue of fees and costs incurred by Houp in complying with these orders.

On June 5, 2008, there was a settlement conference. Rec. doc. 72. On June 24, 2008, there was agreement between the plaintiffs and State Farm on the terms of a settlement. Rec. doc. 74. On June 30, 2008, Houp filed this motion for fees and expenses.

ARGUMENTS OF THE PARTIES

Houp argues that: (1) pursuant to Fed. R. Civ. P. 45(c)(2)(B), he must be protected from significant expenses resulting from his compliance with the plaintiffs' subpoena; (2) the discovery order inadvertently omitted the mandatory allocation of his expenses; (3) he incurred significant expenses in complying with the subpoena; and (4) he was only required to move to quash the subpoena to preserve his right to reimbursement for these expenses. The plaintiffs respond that: (1) Houp's motion is not timely; and (2) discovery demonstrated that the testimony by Houp and two of his employees was not credible regarding the allegation that plaintiffs attempted to defraud State Farm.

ANALYSIS

Fed. R. Civ. P. 45(c)(1) provides that:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction–which may include . . . reasonable attorney's fees–on a party or attorney who fails to comply.

Id. A person who is commanded to produce documents in response to a subpoena may serve written objections. Fed. R. Civ. P. 45(c)(2)(B). The serving party may move the issuing court for an order

compelling production. Id. "[T]he order must protect a person who is neither a party nor a party's officer from significant expenses resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B)(ii).

> A nonparty required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court. . . . The court is not required to fix the costs in advance of production, although this will often be the most satisfactory accommodation to protect the party seeking discovery from excessive costs. In some instances, it may be preferable to leave uncertain costs to be determined after the materials have been produced, provided the risk of uncertainty is fully disclosed to the discovering party.

Fed. Rule Civ. P. 45(c) Advisory Committee's Note, 1991 amendments. See also 9A Wright and Miller, Federal Practice and Procedure §2463 (3rd ed. 2008).

In Linder v. Calero-Portocarrero, 251 F.3d 178 (D.C. Cir. 2001), the plaintiffs subpoenaed documents from the Defense Department, State Department and CIA. Prior to any production of the documents, the plaintiffs were ordered to pay half of the reasonable copying and labor costs, which were fixed at nearly $200,000.00. The agencies were not parties to the litigation. The plaintiffs argued that they should not be required to bear these costs. The D.C. Circuit noted that before the 1991 amendment to the rule "costs could be shifted, but the decision to do so was within the discretion of the district court." 251 F.3d at 182. The D.C. Circuit held that fee shifting was mandatory.

> Under the revised Rule 45, the questions before the district court are whether the subpoena duces tecum imposes expenses on the nonparty, and whether those expenses are "significant." If they are, the court must protect the nonparty by requiring the party seeking discovery to bear at least enough of the expense to render the remainder "non-significant." The rule is susceptible of no other interpretation.

Id. The costs were fixed in advance of production. The plaintiffs refused to pay any expenses in order to obtain the discovery. The D.C. Circuit affirmed the district court's order that the agencies were not required to comply with the plaintiffs' subpoena. Id. at 182-83.

These authorities demonstrate that while a nonparty ordered to comply with a subpoena must be protected from significant expenses, this must be accomplished in such a manner that the party seeking discovery is protected from excessive costs. The resolution of these conflicting goals is best accomplished by fixing the costs of compliance in advance of production. When this is not possible, the risk of uncertain costs must be fully disclosed to the party seeking discovery.

The court finds that: (1) the subpoena served by the Goldstein plaintiffs imposed expenses on Houp, who is a nonparty; (2) $22,000 in fees and expenses in the context of this case are significant; (3) the costs sought by Houp were not fixed in advance of production; and (4) the risk of the uncertain costs was not fully disclosed to the Goldstein plaintiffs.

Houp's statement that the order requiring him to respond to some parts of the subpoena "inadvertently failed to provide for the recovery" of his costs is not correct. The order did not address the issue because Houp did not raise it.

Houp contends that the motion to quash and correspondence to counsel for plaintiffs made the plaintiffs fully aware that the burden of production would be significant and that plaintiffs would be required to offset the costs. Houp's memorandum in support of the motion to quash raised four issues: (1) portions of the subpoena sought documents which were not relevant to the parties' claims and defenses; (2) portions of the subpoena sought documents which were protected from disclosure by the attorney-client privilege; (3) the information could be obtained from another source; and (4) Houp's deposition should be rescheduled so that his counsel could be present. Rec. doc. 42. The memorandum did not address the costs to be incurred in compliance with the subpoena. In a reply memorandum, Houp contended that compliance with the subpoena would impose an undue burden. This statement is routinely made by litigants and non-parties in response to attempts to the

5

production of documents. It is insufficient to fully disclose to the plaintiffs the risk of the uncertainty of the costs of production.

The first discovery order limited the scope of the subpoena. Houp did not seek an order requiring reimbursement of his costs for complying with that discovery order. On February 21, 2008, Houp's counsel sent a letter to the undersigned with additional documents requiring *in camera* review. Rec. doc. 79 (Exhibit A). In that letter Houp reported that there were over 27,000 e-mail communications between him and Mr. Whitehead or his firm. This letter would not have been sufficient to fully disclose the risk of the uncertain costs to the plaintiffs because it was prepared after many of the costs were incurred.

The risk of uncertainty regarding the costs to be incurred by Houp to comply with the subpoena was not fully disclosed to plaintiffs before Houp complied with the subpoena. In these circumstances Houp's costs of production cannot be transferred to the plaintiffs.

IT IS ORDERED that Houp's motion for recovery of costs (Rec. doc. 79) is DENIED.

New Orleans, Louisiana, this 23rd day of September, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**